CHRISTINE L. GARCIA (CBN 209701)
The Animal Law Office
2404 California St #4
San Francisco, CA 94115
Telephone:  415-297-3109
Facsimile:  415-358-9937
christine@animalattorney.com

*Attorney for Plaintiffs,*
BRENDA HOBBS, the guardian of Shasta

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| BRENDA HOBBS, THE GUARDIAN OF SHASTA<br><br>*Plaintiff*<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION, AND INDIVIDUALS SERGEANT FRANK BOESCH GILBERTO GUTIERREZ, JAMES LENZI, BEN MILLER and DOES 1-10<br><br>*Defendants* | Case:<br><br>**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF**<br><br>**EQUITABLE RELIEF IS SOUGHT**<br><br>**JURY TRIAL DEMANDED** |

**COME NOW,** BRENDA HOBBS, by and through their undersigned counsel, and for their Verified Complaint against Defendants COUNTY OF SAN JOAQUIN, SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION, AND THE INDIVIDUALS SERGEANT FRANK BOESCH, GILBERTO GUTIERREZ, JAMES LENZI, AND BEN MILLER (collectively, "Defendants" ), state to this Honorable Court as follows:

1

## INTRODUCTION

Apparently, in the County of San Joaquin, it's fine for the prosecuting agency to also be the judge, jury, executioner (and in this case, the named County Counsel on the case).  The possessory taking and seizure of property without a warrant is unconstitutional, yet this is only the tip of violations that have occurred against Plaintiff.

This action is brought by BRENDA HOBBS, the guardian of Shasta, for equitable relief and monetary damages for violation of her civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  This action arises out of an illegal seizure of Shasta, a female white Red Heeler, from BRENDA HOBBS by Defendants, and the subsequent deprivation of BRENDA HOBBS's property rights without due process of law. BRENDA HOBBS as guardian to Shasta has the duty to make every effort to provide Shasta with a secure, happy and healthy life. The Defendants have every intention of euthanizing Shasta and depriving BRENDA HOBBS of her civil rights.  At no time was BRENDA HOBBS provided with appropriate due process of law to justify the defendants' illegal and unlawful taking in violation of her civil rights.

## PARTIES

1.  **Plaintiff BRENDA HOBBS:** Plaintiff BRENDA HOBBS ("HOBBS") is an individual resident and citizen of the city of Tracey, in the State of California, county of San Joaquin.  HOBBS is the lawful guardian and owner of Shasta, a female while RED HEELER canine companion to her, her four daughters and husband.  Shasta is currently in custody of the defendants as a result of a warrantless seizure, for alleged biting a neighbor dog through the fence while on her own property.

2.  **Defendant** COUNTY OF SAN JOAQUIN ("SAN JOAQUIN" AND included in the term "DEFENDANTS") is an incorporated County in the County of SAN JOAQUIN in the State of California, with offices located at 44 N. San Joaquin Street, Stockton CA 95202.  At all times herein, the COUNTY OF SAN JOAQUIN acted by and through its

2

agents, servants, and employees, including but not limited to SERGEANT FRANK BOESCH, GILBERTO GUTIERREZ AND JAMES LENZI.

3.     **Defendant** SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION**:** ("Animal Services" included in the term "DEFENDANTS") is located at 7000 Michael N. Canlis Blvd., French Camp, CA 95231, and has the duty of caring for and adopting out unwanted animals. At all times herein, the Animal Services Division acted by and through its agents, servants, and employees, including but not limited to SERGEANT FRANK BOESCH, GILBERTO GUTIERREZ AND JAMES LENZI.

4.     **Defendant** INDIVIDUALS SERGEANT FRANK BOESCH ("BOESCH" AND included in the term "DEFENDANTS"), **works for the** SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION which is located at 7000 Michael N. Canlis Blvd., French Camp, CA 95231.  At all relevant times, Sgt. BOESCH was acting in his capacity as the agent, servant, and employee of SAN JOAQUIN COUNTY.  At all relevant times and in all actions described herein, Sgt. BOESCH was acting under color of law and pursuant to his authority as Sgt of SAN JOAQUIN COUNTY ANIMAL SERVICES DIVISION.  He is sued in his individual and official capacities.

5.     **Defendant** INDIVIDUALS GILBERTO GUTIERREZ ("GUTIERREZ" AND included in the term "DEFENDANTS") works for the SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION which is located at 7000 Michael N. Canlis Blvd., French Camp, CA 95231.  At all relevant times, GUTIERREZ was acting in his capacity as the agent, servant, and employee of SAN JOAQUIN COUNTY.  At all relevant times and in all actions described herein, GUTIERREZ was acting under color of law and pursuant to his authority as representative and zealous advocate of SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION.  He is sued in his individual and official capacities.

6.     **Defendant** INDIVIDUALS JAMES LENZI ("LENZI" AND included in the term

3

1  "DEFENDANTS") works as a sheriff for the SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION which is located at 7000 Michael N. Canlis Blvd., French Camp, CA 95231.  At all relevant times, Lenzi was acting in his capacity as the agent, servant, and employee of SAN JOAQUIN COUNTY.  At all relevant times and in all actions described herein, Lenzi was acting under color of law and pursuant to his authority as a sheriff of SAN JOAQUIN COUNTY ANIMAL SERVICES DIVISION.  He is sued in his individual and official capacities.

7.  **Defendant** INDIVIDUALS BEN MILLER ("MILLER" AND included in the term "DEFENDANTS") is a Shelter Manager and Animal Services Supervisor, of Tracy Animal Shelter, which is in the City of Tracy, within the County of San Joaquin. The shelter is located at 370 W Arbor Avenue, Tracy, CA 95304.  The City of Tracey Animal services department works in cooperation with the County of San Joaquin on a regular basis.  At all relevant times, MILLER was acting in his capacity as the agent, servant, and employee of the City of Tracey.  At all relevant times and in all actions described herein, Miller was acting under color of law and pursuant to his authority as Animal Services Supervisor.  He is sued in his individual and official capacities.

## JURISDICTION

8.  Jurisdiction is proper in this Northern District of California Federal District Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

9.  Supplemental jurisdiction is proper in this Eastern District of California Federal District Court as to any state law claims pursuant to 28 U.S.C. § 1367 in that said claims are so related that they form part of the same case or controversy.

10.  This action is not barred from being heard in this Northern District of California Federal District Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), as there is no ongoing state proceeding and this action does not challenge any state interest or

procedure.

**VENUE**

11. Venue is proper in this Eastern District of California Federal District Court pursuant to 28 U.S.C. §1391(b) in that the Defendants reside within the County of San Joaquin which is located in the Eastern District of California and a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of California.

**DIVISIONAL VENUE**

12. Divisional Venue is proper in the Sacramento Division of this Eastern District of California Federal District Court pursuant to Civil Local Rule 3-2(d) in that this case arises from San Joaquin County, CA.

**GENERAL ALLEGATIONS**

13. Shasta is a three (3) and a half year old female, white Red Heeler loving and caring family dog. Shasta is a Red Heeler who loves to run and play. She is up to date on all required vaccinations.

14. Shasta was the canine companion of Brenda Hobbs and her family in Tracey, California with her husband and four girls currently between the ages of 10 and 24 and their other dog Onyx.

**HOW SHASTA CAME INTO THE HOBBS FAMILY**

15. The Hobbs family adopted Shasta in December of 2009. Greg, Brenda Hobbs' husband, was out walking their family dog, Onyx, when he noticed a white dog running in the street dodging traffic. Mr. Hobbs was afraid she was going to get hurt, so he called her over. Shasta came over wagging her tail and was very friendly to him and Onyx. Unfortunately, Shasta didn't have any ID tags on so Mr. Hobbs slipped Onyx's leash on her and Shasta walked home with them. He called Tracy Animal Control who

came to our home to scan her for a microchip. There was no chip, they said they could take her to the shelter, but Animal Control informed her that they didn't have any room so she would be put down soon. They predicted her to be approximatley 10 months old at the time, just a baby, and Greg couldn't stand the idea of her being put down, so he told them that we would foster her until her owner was found. We named her "Temporary" but she quickly stole our hearts and we lovingly named her "Shasta Belle."

**SHASTA'S DEMEANOR**

16. From the first night Shasta was in the Hobbs home, she was sweet, kind and got along great with both of our dogs and all 4 of our girls, ages 20, 10, 9 and 8 at the time. I also had a Girl Scout Troop who met at our house 2 times per month and they all loved Shasta. She would lay in the floor while those 13, 9 year olds petted her, she never growled or barked at any of them. We trained Shasta to sleep in a dog crate in the hallway outside of our daughters' bedrooms, which she loved. We have always kept all of our dogs outside through the day, weather permitting, but brought them inside to sleep at night.

**RECENT EVENTS**

17. Shasta is on death row for allegedly biting a neighboring dog "through a fence" as she was on her own property in July of 2012.

18. Previously on May 23, 2012, Shasta and Onyx received a "Dangerous Dog" designation because SAN JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION Officer Wilson stated that there was no way possible to get Shasta and Onyx out of the shelter. Because of this statement, Mrs. Hobbs signed a statement that Shasta was a "Dangerous Dog" and received both her dogs back. Since May 23, 2012, Shasta has never been off her property.

19. The underlying incident which allegedly occurred on of before July 16th 2012, leading to the euthanasia order is impossible. The complaining witness admits that she looked over her fence and saw Shasta secured in a locked kennel, yet somehow bite her dog through the fence. The Hobbs family testified that prior to locking Shasta in her

6

1  secure kennel she was inside the home with them.

2  20. Almost ten (10) days later after the initial complaint, on July 25, 2012, Shasta was seized by Defendants JOAQUIN COUNTY SHERIFF'S OFFICE ANIMAL SERVICES DIVISION, AND INDIVIDUALS SERGEANT FRANK Boesch AND DOES 1-3, from the Brenda Hobbs home with no warrant and with the Hobbs family being threatened with arrest. On July 25, 2012, Sargent Boesch asked Mrs. Hobbs if she "had a problem with them taking my dog" and Mrs. Hobbs stated "yes." FRANK Boesch then said, "well let me make sure you understand that if you stand in our way of taking the dog, we can take you to jail." Under duress and threat, defendants seized Shasta.

21. On July 25, 2012, the defendants informed plaintiff that "they had finished their investigation" without questioning plaintiff or her family and without observing the secure kennel where Shasta was secure during the alleged "bite through the fence."

22. On July 25, 2012, the defendants pressured Mrs. Hobbs to sign a release to allow the County to euthanize Shasta. Mrs. Hobbs refused to sign and stated her dispute with what was occurring. Defendants said that they did not know if she had a right to have an attorney present for the hearing to dispute the seizure of her dog. When Mrs. Hobbs requested if Mrs. Hobbs and her family could be there for the hearing dispute the seizure of Shasta, FRANK Boesch stated that he did not know.

23. On August 15, 2012, twenty-one (21) days after the unlawful warrantless seizure, a hearing was held wherein every witness stated that hey have never seen Shasta at large or off of the Hobbs yard since May 23rd 2012. The sole witness to the event alleged that Shasta put his head through the boarding fence and bit her dog, yet also testified that she witnessed locked secure in his kennel. Plaintiff Mrs. Hobbs provided physical proof the specific measurements of Shasta's head showing the impossibility of biting through her fence.

24. Nonetheless, hearing officers GILBERTO GUTIERREZ, JAMES LENZI, AND BEN MILLER had unanimously decided to euthanize Shasta on August 17, 2012.

25. On August 29, 2012, FRANK Boesch confirmed that Shasta would be

7

euthanized on Friday, September 7, 2012.

26. On information and belief, the failure to provide Plaintiff with a proper hearing and a meaningful opportunity to be heard was the direct result of an official custom, policy, or practice of San Joaquin Defendants of effecting the deprivation of property rights without the requisite due process.

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983 for Fourth, Fifth and Fourteenth Amendment Violations**

27. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 - 26 as though fully set forth herein.

28. Acting under color of law and the authority of Defendants, defendants intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourth, FIFTH and Fourteenth Amendments, by unlawfully and illegally seizing SHASTA without a warrant and determining that she should be killed.

29. Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights, caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourth, Fifth and Fourteenth Amendments, by failing to enforce the provisions of the United States Constitution concerning seizure of property and by promulgating, encouraging, and condoning customs, practices, and policies that result in illegal seizures of property.

30. Defendant San Joaquin County and Defendants implicitly or explicitly adopted and implemented a policy, custom, or practice permitting and/or instructing its employees to do the following, *inter alia*:

   a. To seize Shasta without a warrant from her lawful owner, Mrs. Hobbs,

     without meaningful due process and in violation and disregard of her ownership rights;

    b.    To remove Shasta to the County's possession and/or to any other location without HOBBS's consent and in violation and disregard of ownership rights;

    c.    To fail to provide constitutionally sufficient due process to those whose animals are seized and detained as described above.

31. In violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the illegal actions of Defendants have deprived Plaintiffs of their constitutionally protected rights to be free from:

    a.    Unreasonable seizure;

    b.    Procedural due process violation (deprivation of property);

    c.    Procedural due process violation (deprivation of liberty);

    d.    Substantive due process violation; and

    e.    Taking without just compensation.

32. The County's possession of Shasta as fraudulently induced in violation of the 4th amendment of the U.S. Constitution.

33. The actions of Defendants proximately caused the deprivation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

34. The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

35. By this conduct, Defendants violated Plaintiffs' federal constitutional and statutory rights under 42 U.S.C. § 1983.

36. In addition to constitutional injury, the above-described conduct entitles the Plaintiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 for Procedural Due Process Violations

37. Plaintiffs incorporate paragraphs 1-36 of the complaint as if fully set forth herein.

38. Acting under color of law and the authority of Defendant defendants intentionally, negligently, and with complete and deliberate indifference for Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourteenth Amendment, when he deprived Plaintiffs of their rights in property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

39. Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights, authorized, permitted, and tolerated the custom, policy, and practice of depriving individuals of rights to property without due process of law, by and through its official policymaker, and by promulgating, encouraging, and condoning customs, practices, and policies that result in deprivation of property rights without due process of law.

40. The actions of Defendants proximately caused the deprivation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

41. The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

## THIRD CAUSE OF ACTION
## INJUNCTIVE RELIEF

42. Plaintiffs repeat, restate and reallege and incorporate by reference all of the allegations contained in numbered paragraphs enumerated 1 through 41 inclusive as if set forth herein in full.

43. Jurisdiction is proper in this Court pursuant to 42 U.S.C. §1983. Defendants acting in their official capacities as agents and employees of Defendant County of San Joaquin, are "persons" within the meaning of 42 U.S.C. §1983.

44. Defendants implicitly or explicitly adopted and implemented a policy, custom, or practice permitting and/or instructing its employees to do the following, *inter alia*:

   (a) To seize Shasta from her lawful owner, Mrs. Hobbs, without due process and in violation and disregard of her ownership rights;

   (b) To fail to provide constitutionally sufficient due process to those whose animals are seized and detained as described above.

45. All actions taken by Defendants and their employees in relation to Plaintiffs and Shasta were under the color of law.

46. In violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the illegal actions of Defendants have deprived Plaintiff of her constitutionally protected rights to be free from:

   (a) Unreasonable seizure;

   (b) Procedural due process violation (deprivation of property);

(c) Procedural due process violation (deprivation of liberty);

(d) Substantive due process violation; and

(e) Taking without just compensation.

47. Plaintiff BRENDA HOBBS has not consented to Shasta's seizure and incarceration and has not been given a meaningful opportunity to be heard on the matter.

48. In seizing Shasta, as set forth above, the Defendants have acted *ultra vires*.

49. Should Shasta continue to debilitate as a result of being incarcerated under the inhumane conditions, BRENDA HOBBS will suffer immediate and irreparable harm for which there is no adequate remedy at law.

50. Plaintiffs request injunctive relief, both preliminary and permanent, enjoining Defendants from continuing their possession of Shasta, in violation of Hobb's rights to ownership of Shasta.

51. Further, BRENDA HOBBS is entitled to an Order enjoining Defendants to implement protocols that provide owner-guardians constitutionally mandated due process upon seizure of property. This includes, *inter alia*:

(a) Written notice of a right to a hearing to petition for the return of the seized dog, Shasta;

(b) Disclosure of the evidence against Shasta; and notice that Hobbs had a right to be present and also had a right to an attorney at the hearing;

(c) The opportunity to be heard in person and to present witnesses and documentary evidence within a reasonable period of time following the seizing of Shasta;

(d) The right to confront and cross-examine adverse witnesses;

**(e) A neutral and detached hearing body;**

 (f) A written statement by the fact finders as to the evidence relied upon and reasons for concluding that Shasta should or should not be returned and explaining that there was no other alternative other than death;

 (g) A right to subpoena witnesses and documents;

 (h) Prior to the hearing, imposition of the preliminary burden on the government to make a prima facie showing (i.e., at least probable cause) justifying seizure and detention prior;

 (i) At the hearing, imposition of the of production and persuasion on the government to prove by at least evidentiary preponderance its justification to continued detention of Shasta; and

 (j) The right to appeal the decision of the hearing body, rather than merely a Writ review of the hearing pursuant to CCP 1094.5 with a low burden for the County to maintain.

52. There exists an actual and justiceable controversy between Plaintiff and Defendants as to whether the Defendants violated Plaintiff's due process and search and seizure rights with respect to Shasta under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendants' actions and practice is unconstitutional because it fails to give ample due process.

53. Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

### FOURTH CAUSE OF ACTION
### CONVERSION & UNLAWFUL DETAINER

54. Plaintiffs repeat, restate and reallege and incorporate by reference all of the allegations contained in numbered paragraphs enumerated 1 through 33 inclusive as if set

forth herein in full.

55. Plaintiff has asserted her possessory right to Shasta.

56. Shasta cannot be euthanized pursuant to state law California Food and Agricultural Code § 31626(a).

57. At all times relevant herein, Plaintiff has the absolute and unconditional right to advocate on behalf of Shasta and Plaintiff has never relinquished those rights to Defendants.

58. BRENDA HOBBS has repeatedly demanded that the Defendants acknowledge her rights of advocacy on behalf of Shasta.

59. Defendants have taken control of Shasta wrongfully, without authorization, without a warrant, under duress and under threat of imprisonment and in violation and disregard of plaintiff's rights.

60. Defendants conduct has caused injury and damage to Plaintiff and will continue to do so in the future.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF

61. Plaintiffs repeat, restate and reallege and incorporate by reference all of the allegations contained in numbered paragraphs enumerated 1 through 60 inclusive as if set forth herein in full. Plaintiffs bring this action for declaratory judgment.

62.    There exists an actual and justiceable controversy between Plaintiff and Defendants as to whether the defendants actions are unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

63.    Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1.    Compensatory damages for Defendants' violations of Plaintiffs' constitutional rights;

2.    Injunctive relief, both preliminary and permanent, prohibiting Defendants from maintaining possession of Shasta and returning Shasta to her rightful owner;

3.    An award of costs, including reasonable attorneys' fees, incurred in connection with this legal action; as provided by 42 U.S.C. § 1988 or as otherwise allowed by law;

4.    A trial by jury on all issues so triable;

**INJUNCTIVE RELIEF:**

5. For injunctive relief, both preliminary and permanent, enjoining Defendants from holding possession of Shasta and incarcerating her with the County and Defendants in violation of Plaintiff's rights to ownership of Shasta.

6. For injunctive relief ordering and enjoining Defendants to implement protocols that provide owner-guardians constitutionally mandated due process upon seizure of property, including:

    (a)    Written notice of a right to a hearing to petition for the return of the seized dog, Shasta;

    (b)    Disclosure of the evidence against Shasta; and notice that Hobbs had a right

to be present and also had a right to an attorney at the hearing;

(c) The opportunity to be heard in person and to present witnesses and documentary evidence within a reasonable period of time following the seizing of Shasta;

(d) The right to confront and cross-examine adverse witnesses;

**(e) A neutral and detached hearing body;**

(f) A written statement by the fact finders as to the evidence relied upon and reasons for concluding that Shasta should or should not be returned and explaining that there was no other alternative other than death;

(g) A right to subpoena witnesses and documents;

(h) Prior to the hearing, imposition of the preliminary burden on the government to make a prima facie showing (i.e., at least probable cause) justifying seizure and detention prior;

(i) At the hearing, imposition of the of production and persuasion on the government to prove by at least evidentiary preponderance its justification to continued detention of Shasta; and

(j) The right to appeal the decision of the hearing body, rather than merely a Writ review of the hearing pursuant to CCP 1094.5 with a low burden for the County to maintain.

7. Pending such process, enjoining Defendants from holding possession of Shasta and keeping her incarcerated in a cage in their possession;

8. From holding any dangerous dog hearing related to Shasta or her owners;

**DECLARATORY RELIEF**

9. Declaring that BRENDA HOBBS is the lawful advocate of Shasta and that Shasta should be returned to BRENDA HOBBS forthwith;

10. Declaring that the actions of Defendants in seizing and keeping Shasta violated BRENDA HOBBS's due process and search and seizure rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

11.     Declaring that Defendants be enjoined and restrained permanently from interfering or restricting BRENDA HOBBS's lawful ownership rights as to Shasta;

12.     Declaring judgment in Plaintiff's favor and against Defendants:

13.     Declaring that defendants' actions as unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

14. Declaring that Defendants be enjoined and restrained permanently from seizing animals without due process as it is unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

15. Declaring that there exists an actual and justiceable controversy between Plaintiff as Trustee and Defendants as to whether the defendants actions were unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

16. Declaring that based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

Dated: August 16, 2012

                                      Respectfully Submitted,

*Christine L. Garcia*

_____

CHRISTINE L. GARCIA (CBN 209701)
Counsel for Plaintiff BRENDA HOBBS

**VERIFICATION**

I, BRENDA HOBBS, hereby verify that the foregoing allegations set forth in this Verified Complaint are true and accurate to the best of my knowledge.

Dated:  Sept 6, 2012            /s/ BRENDA HOBBS
                                          Brenda HObbs